IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,                           ORDER

     v.                                     06-cr-47-bbc-01

HORATIO T. GARDNER,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petitions for judicial review of Horatio Gardner's supervised release was held on November 5, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by counsel Morris Berman. Also present was Senior United States Probation Officer Helen Healy Raatz.

From the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on August 7, 2006, following his conviction for felon in possession of firearm in violation of 18 U.S.C. § 922(g)(2). This offense is a Class C felony. He was committed to the custody of the Bureau

of Prisons to serve a term of imprisonment of 12 months, with a two-year term of supervised release to follow.

Defendant began his initial term of supervised release on January 19, 2007. On August 21, 2007, defendant's two-year term of supervised release was revoked after he engaged in new criminal activity, failed to report to the probation officer and failed to report police contact. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of three months, with a 21-month term of supervised release to follow.

Defendant began his second term of supervised release on February 28, 2008. On September 3, 2009, he violated two mandatory conditions of release, the first prohibiting him from committing another federal, state or local crime and the second prohibiting him from possessing a controlled substance, when he was arrested for bail jumping and possession of MDMA, a controlled substance. On September 15, 2009, defendant entered guilty pleas in Dane County Circuit Court (Case No. 09CM2520) and was sentenced to 30 days' in jail. On October 24, 2009, he violated Standard Condition No. 1, prohibiting him from leaving the judicial district without the permission of the court or probation officer when he was in Illinois without permission. In early October, he also violated Standard Condition No. 6, requiring him to notify the probation officer at least ten days before any change in residence, when he moved and did not report the move to the probation officer until October 26, 2009.

2

Defendant's most serious violation includes his new criminal conduct for possession of MDMA, a controlled substance, which falls into the category of a Grade B violation. Title 18 U.S.C § 3583(g)(1) requires revocation of the term of supervised release if the court finds that defendant illegally possessed a controlled substance.

CONCLUSIONS

Defendant's criminal history category is I. With a Grade B violation and a criminal history category of I, defendant has an advisory guideline term of imprisonment range of 4 to 10 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The intent of this sentence is to take into account defendant's personal history and ongoing non-compliant behavior.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on

August 21, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of seven months to run concurrently with the sentence imposed on him in the Circuit Court for Dane County in Case No. 09CM2520.  No term of supervision shall follow. Defendant is released on bail pending the start of his state court sentence.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 5th day of November 2009.

> BY THE COURT:
>
> /s/
>
> BARBARA B. CRABB
> Chief District Judge